**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MONTGOMERY MUTUAL )
INSURANCE COMPANY, et al., )
           )
    Plaintiffs/Counter-Defendants, )
           )
v. )    Civil Action No. 1:07-cv-00447-CKK
           )
W.C. & A.N. MILLER DEVELOPMENT )
COMPANY, )
           )
    Defendant/Counter-Plaintiff. )
           )

**PLAINTIFFS/COUNTER-DEFENDANTS MONTGOMERY MUTUAL INSURANCE
COMPANY'S AND PEERLESS INSURANCE COMPANY'S ANSWER TO
DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM**

Plaintiffs/Counter-Defendants Montgomery Mutual Insurance Co. ("Montgomery") and

Peerless Insurance Co. ("Peerless") (collectively, the "Insurers") hereby answer and assert

affirmative defenses to the allegations contained in the Counterclaim served by Defendant W.C.

& A.N. Miller Development Company ("Defendant" or "Miller Development") on June 29, 2007

(hereinafter "Defendant's Counterclaim"), as follows:

**I.  NATURE OF ACTION**

This section of Defendant's Counterclaim contains no individually enumerated

allegations requiring a response by the Insurers.  To the extent that a response is required,

however, the Insurers deny the Defendant's contentions about the Insurers' obligations under the

policies at issue (the "Insurers' Policies") and deny that the Defendant is entitled to the

declarations it seeks or any relief whatsoever from the Insurers.

**II.  PARTIES**

1.    The Insurers are without knowledge or information sufficient to form a belief as to

the truth of the allegation in Paragraph 1 of Defendant's Counterclaim that Miller Development's

current principal place of business is Bethesda, Maryland, and on that basis denies that

allegation.  The insurers admit the other allegations contained in Paragraph 1 of Defendant's

Counterclaim, including that as of the date that the Insurers' Complaint was filed, Miller

Development's principal place of business was in the District of Columbia.

2.     The Insurers admit the allegation contained in Paragraph 2 of Defendant's

Counterclaim.

3.     The Insurers admit the allegation contained in Paragraph 3 of Defendant's

Counterclaim.

### III.  JURISDICTION AND VENUE

4.     The Insurers admit that the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)

and that it may award declaratory relief pursuant to 28 U.S.C. § 2201.  The Insurers, however,

are without knowledge or information sufficient to form a belief as to the truth of the allegation

that Miller Development's current principal place of business is Bethesda, Maryland, and on that

basis denies those allegation.

5.     The Insurers admit the allegations contained in Paragraph 5 of Defendant's

Counterclaim.

### IV. FACTS COMMON TO ALL COUNTS

### The Underlying Litigation Against Miller

6.     The Insurers admit the allegations contained in Paragraph 6 of Defendant's

Counterclaim.

7.     The Insurers admit the allegations contained in Paragraph 7 of Defendant's

Counterclaim.

8.     The Insurers admit the allegations contained in Paragraph 8 of Defendant's

Counterclaim.

9.    The Insurers admit the allegations contained in Paragraph 9 of Defendant's Counterclaim.

10.    The Insurers admit the allegations contained in Paragraph 10 of Defendant's Counterclaim.

11.    The Insurers admit the allegations contained in Paragraph 11 of Defendant's Counterclaim.

### Insurance Policies Issued by Montgomery and Peerless to Miller

12.    The Insurers admit the allegations contained in Paragraph 12 of Defendant's Counterclaim.

13.    The Insurers admit the allegations contained in Paragraph 13 of the Defendant's Counterclaim but further state that the Policies contain other relevant terms, conditions and exclusions.

### Miller's Request for Insurance Coverage and the Insurers' Response

14.    The Insurers admit the allegations contained in Paragraph 14 of Defendant's Counterclaim.

15.    The Insurers admit that they issued a letter to Defendant dated February 22, 2006. The insurers deny Defendant's characterization of the letter, which speaks for itself.

16.    The Insurers admit the allegations contained in Paragraph 16 of Defendant's Counterclaim, but further state that the letter contains additional information.

17.    The Insurers admit the allegations contained in Paragraph 17 of Defendant's Counterclaim, but further state that the letter contains additional information.

18.    Upon information and belief, the Insurers admit the allegations contained in Paragraph 18 of Defendant's Counterclaim.

19.    The allegations contained in Paragraph 19 of Defendant's Counterclaim contain a legal conclusion to which no response is required.  To the extent that a response is required, the Insurers admit, upon information and belief, that AIG provided a staff attorney to represent Miller Development in the Underlying Litigation.  The Insurers are without sufficient information to admit or deny the remaining allegations in Paragraph 19, and on that basis denies them.

20.    The Insurers deny the allegations in Paragraph 20 of Defendant's Counterclaim as written and aver instead that because AIG already was defending Miller Development, the Insurers did not assign additional counsel to defend Miller Development prior to AIG's withdrawal of the defense.

21.    Upon information and belief, the Insurers admit that Miller Development retained Mr. Masson at its own expense to monitor the Underlying Litigation.  The Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 21 of Defendant's Counterclaim, and on that basis denies them.

22.    Upon information and belief, the Insurers admit the allegations contained in Paragraph 22 of Defendant's Counterclaim.

23.    The Insurers deny the allegations contained in Paragraph 23 of Defendant's Counterclaim as written and aver instead that after AIG withdrew its defense, the Insurers agreed under their reservation of rights to pay the reasonable and necessary costs of defense for Miller Development's preferred counsel, Mr. Masson, to defend Miller Development.

24.    The Insurers deny the allegations contained in Paragraph 24 of Defendant's Counterclaim as written and aver instead that after AIG withdrew its defense, the Insurers agreed

4

under their reservation of rights to defend Miller Development and agreed that the defense would

be provided by Mr. Masson.

25.    The Insurers deny the allegations contained in Paragraph 25 of Defendant's

Counterclaim as written and aver instead that, because Miller Development has disputed the

amounts that are the reasonable and necessary costs of defense and discussions concerning the

amount owed are ongoing, the Insurers have not made any payments for defense costs.

### Settlement of the Underlying Litigation

26.    The Insurers admit the allegations contained in Paragraph 26 of Defendant's

Counterclaim.

27.    Upon information and belief, the Insurers admit the allegations contained in

Paragraph 27 of Defendant's Counterclaim.

28.    The Insurers deny the allegations contained in Paragraph 28 of Defendant's

Counterclaim as written and aver instead that Miller Development's counsel affirmatively settled

the Underlying Litigation at the settlement conference.  Miller Development's counsel then

sought an agreement with the Insurers to fund the settlement.  The Insurers offered to pay

$35,000 to resolve any potential obligations under the Insurers' Policies for the dispute between

Miller Development and WPGC.

29.    The Insurers admit that, after AIG's withdrawal of its defense, the Insurers agreed

to pay the reasonable and necessary fees of Mr. Masson at a rate of $150 per hour.  In subsequent

communications, the Insurers have agreed to pay Mr. Masson's fees at $175 per hour.

30.    The Insurers deny the allegations contained in Paragraph 30 of Defendant's

Counterclaim as written and aver instead that as a result of the October 2006 settlement

conference, the Insurers believed that Miller Development had agreed to the Insurers' offer to

pay $35,000 to resolve any potential obligations under the Insurers' Policies for the dispute between Miller Development and WPGC.

**Dispute Between the Insurers and Miller Since the Underlying Settlement**

31.    The Insurers admit that Miller Development's coverage counsel sent a letter to the Insurers dated December 6, 2006.  The Insurers deny Miller Development's characterization of that letter in Paragraph 31 of Defendant's Counterclaim, as the letter speaks for itself.

32.    The Insurers deny Miller Development's characterization of the December 6, 2006 letter in Paragraph 32 of Defendant's Counterclaim, as the letter speaks for itself.

33.     The Insurers deny Miller Development's characterization of the December 6, 2006 letter in Paragraph 33 of Defendant's Counterclaim, as the letter speaks for itself.

34.    The Insurers deny the allegations contained in Paragraph 34 of the Defendant's Counterclaim.

**V. CONTROVERSY AND RIPENESS**

35.    The Insurers admit the allegations contained in Paragraph 35 of Defendant's Counterclaim.

36.    The Insurers admit the allegations contained in Paragraph 36 of Defendant's Counterclaim.

37.    The Insurers are not required to admit or deny Miller Development's characterization of the purpose for asserting its Counterclaim in Paragraph 37 of Defendant's Counterclaim.  To the extent a response is required, the Insurers deny that the Defendant is entitled to the declaration it seeks or any relief from the Insurers.

38.    The allegations contained in Paragraph 38 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.

## COUNT I
### (Breach of Contract – Duty to Defend)

39.    The Insurers repeat and incorporate Paragraphs 1-38 of their answer in their entirety as if fully set forth herein.

40.    The allegations contained in Paragraph 40 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.

41.    The allegations contained in Paragraph 41 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

42.    The allegations contained in Paragraph 42 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

43.    The allegations contained in Paragraph 43 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

## COUNT II
### (Breach of Contract – Duty to Indemnify)

44.    The Insurers repeat and incorporate Paragraphs 1-43 of their answer in their entirety as if fully set forth herein.

45.    The allegations contained in Paragraph 45 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

46.    The allegations contained in Paragraph 46 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

47.     The allegations contained in Paragraph 47 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

48.     The allegations contained in Paragraph 48 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

49.     The allegations contained in Paragraph 49 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

## COUNT II [sic]
### (Declaratory Judgment)

50.     The Insurers repeat and incorporate Paragraphs 1-49 of their answer in their entirety as if fully set forth herein.

51.     The allegations contained in Paragraph 51 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

52.     The allegations contained in Paragraph 52 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers are without sufficient knowledge or information to admit or deny whether all alleged damage took place during the effective period of the Policies, and on that basis denies the allegations.

53.     The allegations contained in Paragraph 53 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

54.    The allegations contained in Paragraph 54 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

55.    The allegations contained in Paragraph 55 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

56.    The Insurers deny the allegations contained in Paragraph 56 of Defendant's Counterclaim as written as the Insurers agreed under their reservation of rights to pay reasonable and necessary costs for Miller Development's preferred defense counsel after AIG withdrew its defense.

57.    The allegations contained in Paragraph 57 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.

58.    The allegations contained in Paragraph 58 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

## COUNT III
### (Breach of Duty of Good Faith and Fair Dealing)

59.    The Insurers repeat and incorporate Paragraphs 1-58 of their Answer in their entirety as if fully set forth herein.

60.    The allegations contained in Paragraph 60 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.

61.    The allegations contained in Paragraph 61 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.

62.    The allegations contained in Paragraph 62 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

63.    The allegations contained in Paragraph 63 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

64.    The allegations contained in Paragraph 64 of Defendant's Counterclaim constitute a legal conclusion to which no response is required.  To the extent a response is required, the Insurers deny the allegations.

## VI. PRAYER FOR RELIEF

This section of Defendant's Counterclaim contains no individually enumerated allegations requiring a response by the Insurers.  To the extent a response is required, the Insurers deny that Miller Development is entitled to the declarations it seeks or any relief whatsoever from the Insurers.

Unless expressly admitted in this Answer, the Insurers deny the allegations contained in the Defendant's Counterclaim.

## AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM

### FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred because Miller Development failed to provide the Insurers with timely notice of the dispute between Miller Development and WPGC as required under the Policies.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred because there is no coverage under any of the Policies for the dispute between Miller Development and WPGC because coverage for such amounts is barred by the Policies' pollution exclusions.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred in full or in part because there is no coverage under some or all of the Policies for the dispute between Miller Development and WPGC to the extent that WPGC's property damage was "expected or intended" by Miller Development.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred in full or in part because there is no coverage under some or all of the Policies for the dispute between Miller Development and WPGC to the extent that, prior to the effective period of one or more of the Policies, Miller Development, including one or more of its "'executive officers' and directors" knew that WPGC's "property damage" had occurred or was beginning to occur.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred in full or in part because there is no coverage under any of the Policies for any portion of the dispute between Miller Development and WPGC that does not concern "property damage" under the Policies.

**NINTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaim is barred in full or in part because there is no coverage under any of the Policies for any punitive damages, to the extent that punitive damages are uninsurable under applicable law, and/or for other relief other than compensatory damages.

**TENTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaim is barred in full or in part because the Insurers have satisfied their obligation to defend Miller Development against the Underlying Litigation by agreeing to defend it under a reservation of rights and subsequently offering to pay reasonable and necessary costs of Miller Development's chosen defense counsel after the insurer initially providing a defense to Miller Development withdrew that defense.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Insurers intend to rely upon such other defenses as may become legally available hereafter or become apparent during discovery proceedings in this case and hereby reserves its right to amend its complaint and answer to Defendant's Counterclaim to assert any such defense.

Respectfully submitted,


By: */s/ Laura A. Foggan*_____
    WILEY REIN LLP
    Laura A. Foggan, D.C. Bar No. 375555
    1776 K Street, NW
    Washington, DC 20006
    Phone: 202.719.7000
    Fax: 202.719.7049
    lfoggan@wileyrein.com

    *Attorney for Plaintiffs Montgomery Mutual*
    *Insurance Co. and Peerless Insurance Co.*

Dated: July 19, 2007

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on July 19, 2007, I electronically submitted the foregoing document

with the clerk of court for the U.S. District Court, District of Columbia, using the electronic case

file ("ECF") system of the court and served a true and correct copy upon the following counsel

of record via the court's ECF system:

Geoffrey S. Gavett
ggavett@gavettdatt.com
GAVETT AND DATT, P.C.
15850 Crabbs Branch Way, Suite 180
Rockville, MD 20855

*Attorney for Defendant/Counter-Plaintiffs*
*W.C. & A.N. Miller Development Company*


_/s/ Laura A. Foggan_____